# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert M. Dow, Jr. | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | No. 12 C 9826 (App. No. 13-01082) | **DATE** | 2/1/2013 |
| **CASE TITLE** | Louis Hall (2012-0824229) v. Cook County Jail, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff's motion for leave to appeal *in forma pauperis* [14] is denied. The Court certifies that the appeal is not taken in good faith and orders Plaintiff to pay the appellate fees of $455 within fourteen days or the Court of Appeals may dismiss his appeal for want of prosecution. The clerk is directed to send a copy of this order to the PLRA Attorney, United States Court of Appeals for the Seventh Circuit.

■ [For further details see text below.]                                                    Docketing to mail notices.

## STATEMENT

Plaintiff Louis Hall, a Cook County Jail detainee, brought suit pursuant to 42 U.S.C. 1983 alleging a lack of privacy at the Jail. The Court dismissed the suit for failure to state a claim. [5]. Plaintiff has appealed and brings the present motion for leave to proceed *in forma pauperis* on appeal. [14]. The Court finds that this action does not raise a substantial issue meriting appellate review. Because Plaintiff has raised no such issue in his motion for leave to appeal *in forma pauperis*, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that the appeal is not taken in good faith and that the appeal should not proceed. When a suit is dismissed for failure to state a claim, only those "close cases" will result in a good faith appeal. *Hains v. Washington*, 131 F.3d 1248, 1250 (7th Cir. 1997). This is not a close case. The controlling case law, as explained in the Court's dismissal order, holds that there is no viable claim.

Under the rules of the United States Court of Appeals for the Seventh Circuit, if the district court certifies that an appeal is not taken in good faith, Plaintiff cannot prosecute the appeal *in forma pauperis* but rather must pay the appellate fees in full for the appeal to go forward. Consequently, Plaintiff must pay the full $455 within fourteen days or the Court of Appeals may dismiss his appeal for want of prosecution. *See Evans v. Illinois Dep't*

**(CONTINUED)**

| | CR |
|---|---|

*of Corr.*, 150 F.3d 810, 812 (7th Cir. 1998). If Plaintiff wishes to contest this Court's finding that the appeal is not taken in good faith, he must file a motion with the Court of Appeals seeking review of this Court's certification within thirty days of service of this order. *See* Fed. R. App. P. 24(a)(5).

In sum, Plaintiff's motion for leave to appeal *in forma pauperis* is denied. Plaintiff is ordered to remit to the Clerk of the Court the $455 appellate fee within fourteen days of the date of this order. If Plaintiff fails to comply with this order, the Court of Appeals may dismiss his appeal. Plaintiff is responsible for ensuring payment of the filing fees as directed by this order, and should ensure that the institution having custody of him transmits the necessary funds. Nonpayment for any reason other than destitution shall be construed as a voluntary relinquishment of the right to file future suits *in forma pauperis*. The obligation to ensure full payment of the filing fees imposed by this order shall not be relieved by release or transfer to another prison. Plaintiff is under a continuing obligation to inform the Clerk of this Court in writing of any change of address within seven days.

Payment shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor. Payment should clearly identify the Plaintiff's name, as well as the district court and appellate court case numbers assigned to this action.

The clerk is directed to send a copy of this order to the PLRA Attorney, United States Court of Appeals for the Seventh Circuit.